**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph Edward Fornes,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>　　　　　Defendant. | No. CV-24-03610-PHX-KML<br><br>**ORDER** |

　　　　Plaintiff Joseph Edward Fornes was awarded monthly Social Security disability benefits but now seeks review of the amount, arguing the benefits are not enough for him to start a family. The Commissioner moves to dismiss the complaint because Fornes did not exhaust his administrative remedies before bringing this suit. To determine if the Commissioner is correct, the court must consider evidence outside of the pleadings. As such, the Commissioner's motion to dismiss is converted into a motion for summary judgment. The Commissioner must file supplemental briefing in support of that motion and Fornes may file a response to that brief.

　　　　Fornes seeks review of the Commissioner's monthly benefits award under 42 U.S.C. § 405(g). (Doc. 1 at 1.) The Commissioner moves under Fed. R. Civ. P. 12(b)(1) to dismiss the complaint, arguing the court lacks subject matter jurisdiction because Fornes did not exhaust his administrative remedies before seeking judicial review. (Doc. 8 at 2–3.) But administrative exhaustion is not a jurisdictional requirement under 405(g) so long as a claim has been presented to the Commissioner. *Smith v. Berryhill*, 587 U.S. 471, 478

(2019). The Commissioner is not arguing Fornes failed to present his claim, but instead that he failed to request reconsideration or a hearing before the ALJ. (Doc. 8 at 4.) That type of argument based on a failure to follow the administrative remedies prescribed by the agency appears to be non-jurisdictional. *See id.* at 479. Accordingly, like in other social security cases, "a motion under Rule 12(b)(1), which addresses a court's subject-matter jurisdiction, does not reach exhaustion issues" here. *L.N.P. v. Kijakazi*, 64 F.4th 577, 585 (4th Cir. 2023). The court will therefore construe the Commissioner's motion as one under Rule 12(b)(6). *See Exum v. Kijakazi*, No. 23-CV-721, 2023 WL 5726384, at *1 (E.D. Wis. Sept. 5, 2023) (construing a Rule 12(b)(1) motion to dismiss for failure to exhaust administrative remedies in a social security case as one under Rule 12(b)(6)); *Holmes v. Soc. Sec. Admin.*, No. 122-CV-01080-JES-JEH, 2022 WL 2080336, at *2 (C.D. Ill. Apr. 14, 2022), *report and recommendation adopted*, No. 22-CV-1080-JES-JEH, 2022 WL 1405715 (C.D. Ill. May 4, 2022) (same).

The Commissioner submitted an affidavit and supporting documentation along with its motion to dismiss. (*See* Doc. 9.) This evidence is critical to ruling on the motion, but if the court "considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment, and it must give the nonmoving party an opportunity to respond." *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003); *see also Nunez v. Saul*, No. 19 CIV. 0170 (PED), 2020 WL 3962046, at *3 (S.D.N.Y. July 13, 2020), *aff'd sub nom. Nunez v. Comm'r of Soc. Sec.*, 848 F. App'x 35 (2d Cir. 2021) (converting a motion to dismiss into a motion for summary judgment in a social security case when "the documents outside the pleadings [were] integral to resolution of defendant's motion"). The court has discretion to convert the motion to dismiss into a motion for summary judgment under Rule 12(d). *See Adobe Sys. Inc. v. Blue Source Grp., Inc.*, 125 F. Supp. 3d 945, 968 (N.D. Cal. 2015).

The Court will convert the Commissioner's motion to dismiss into one for summary judgment but will require the Commissioner to submit supplemental briefing. Specifically, although the Commissioner acknowledges Fornes asked the Appeals Council to review his

monthly benefits award after an ALJ hearing (Doc. 8 at 2), he argues Fornes's failure to seek reconsideration of his local field office's later decision not to increase his monthly benefits award means he did not exhaust his administrative remedies (Doc. 8 at 4). The Commissioner's supplemental briefing must therefore explain why Fornes's completion of the administrative process once already does not constitute administrative exhaustion as to the amount of benefits. Fornes may respond to any arguments the Commissioner raises in his supplemental briefing, and if he believes he has exhausted his administrative remedies as to the field office's denial of his request to increase benefits dated February 18, 2025, he must provide evidence to that effect or cite relevant legal authorities supporting that view.

Accordingly,

**IT IS ORDERED** no later than **May 6, 2025**, the Commissioner must file supplemental briefing of no more than ten pages in support of his pending motion. Fornes must file a response to that motion of no more than ten pages no later than **May 13, 2025**.

Dated this 22nd day of April, 2025.

**Honorable Krissa M. Lanham**
**United States District Judge**