**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph Edward Fornes,<br><br>           Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>           Defendant. | No. CV-24-03610-PHX-KML<br><br>**ORDER** |

Plaintiff Joseph Edward Fornes was found disabled but now seeks review of the amount of his monthly social security benefits. The Commissioner moved to dismiss the complaint, arguing Fornes did not exhaust his administrative remedies before bringing suit. Because the court had to consider evidence outside of the pleadings, it converted the Commissioner's motion to dismiss into a motion for summary judgment and called for supplemental briefing which is now complete.

Fornes did not exhaust his administrative remedies regarding the amount of benefits he was awarded, so he may not yet bring this lawsuit. The Commissioner's motion for summary judgment is granted and Fornes's complaint is dismissed.

**I.   Background**

Fornes was found disabled in January 2024 after a hearing before an Administrative Law Judge ("ALJ"). (Doc. 9 at 11, 12.) The Social Security Administration Office of Central Operations ("OCO") then calculated his monthly benefits award. (*See* Doc. 12-1 at 3–4.) In February, he filed a request with the Appeals

1  Council for a review of that award "because it's not enough money to start a family."
2  (Doc. 9 at 16.) The Appeals Council denied his request for review and "alerted the field
3  office that services [Fornes's] zip code of [his] request." (Doc. 9 at 19.) The field office
4  found that Fornes was "getting the highest benefits based on [his] earnings," so it could
5  not raise them. (Doc. 9 at 25.) Fornes then appealed the amount of his benefits award to
6  this court. (*See* Doc. 1.)

**II.   Analysis**

Fornes seeks review of his benefits award under 42 U.S.C. § 405(g), which only permits judicial review of a "final decision of the Commissioner of Social Security made after a hearing." 42 U.S.C. § 405(g). A final decision is deemed to have been rendered after a claimant has "taken all necessary administrative steps" which are seeking an initial determination, reconsideration of that decision, a hearing before an ALJ, and Appeals Council review. 20 C.F.R. § 404.900(a)(1)–(5). By regulation, an initial determination that a claimant is disabled is separate from an initial determination of a claimant's monthly benefit amount. *See* 20 C.F.R. § 404.902(a), (c).

Because the OCO—not the ALJ—calculated Fornes's monthly benefits, the Commissioner claims Fornes had to go through the subsequent three-step administrative review process for that decision before filing a complaint challenging the benefits amount in federal court. (Doc. 12 at 3.) The Commissioner contends Fornes's earlier appeal to the Appeals Council was of no consequence to his monthly benefits award because that appeal was from the ALJ's disability determination. (Doc. 12 at 3.) Recognizing Fornes sought to challenge a different determination, the Appeals Council sent Fornes's local field office his request for reconsideration of benefits. Fornes does not argue he appealed the field office's subsequent determination that he was not entitled to more benefits.

The question at the heart of this case is whether a claimant needs to restart the administrative process when seeking review of the amount of a monthly benefits award. Regulations and case law suggests a claimant must do so. *See* 20 C.F.R. § 404.900(a)(1)–(5); 20 C.F.R. § 404.902(a), (c).

The four-step process for review of the amount of benefits a claimant is awarded is independent from the four-step process for review of a claimant's request for disability benefits. *See Scott v. Astrue*. No. A-08-CA-480-LY(AWA), 2009 WL 1789239, at *1 (W.D. Tex. June 23, 2009). Several cases describe the process leading up to the district court's review of the amount of a benefits award, and all confirm that process requires a request for reconsideration of the decision, another hearing before an ALJ, and Appeals Council review before a district court case is filed. *See id.*; *see also Maqsood v. Comm'r of Soc. Sec.*, No. 10 CIV. 8943 PGG, 2013 WL 4010254, at *1–2 (S.D.N.Y. July 30, 2013), *aff'd*, 597 F. App'x 28 (2d Cir. 2015); *Lyublinsky v. Barnhart*, 360 F. Supp. 2d 497, 498–99 (E.D.N.Y. 2005).

Fornes does not meaningfully argue otherwise. He claims he was told he could ask for judicial review of the ALJ's decision by filing a civil action, but that was regarding his disability determination: the ALJ made no decision regarding his benefits award. (*See* Doc. 9 at 5, 7–11.) Fornes even acknowledges he was told he had "the right to appeal [his benefits award] which would start the appeal process all over again." (Doc. 13 at 2.) Fornes appears confused by that statement because it came after the Appeals Council told him he could file a civil action for judicial review of the ALJ's decision.

The discrepancy is that Fornes was indeed entitled to appeal the ALJ's decision *finding him disabled* in federal court, having exhausted that question. But if he wanted to appeal *the amount of benefits* he was awarded—which was calculated by the OCO, not the ALJ—he had to file a motion for reconsideration first (which he did), then request a hearing with an ALJ, then request Appeals Council review, before bringing this action. *See* 20 C.F.R. § 404.900(a)(1)–(5); 20 C.F.R. § 404.902(a), (c); *Maqsood*, 2013 WL 4010254, at *1–2; *Scott*, 2009 WL 1789239, at *1; *Lyublinsky*, 360 F. Supp. 2d at 498–99. Because a federal court may only review a "final decision of the Commissioner of Social Security made after a hearing," 42 U.S.C. § 405(g), and Fornes is not appealing a final decision by the Commissioner, he is not yet entitled to bring this civil action. The Commissioner's motion for summary judgment is granted and Fornes's complaint is

dismissed without prejudice.

Accordingly,

**IT IS ORDERED** the Commissioner's motion for summary judgment (Doc. 8.) is **GRANTED**.

**IT IS FURTHER ORDERED** directing the Clerk to enter final judgment of dismissal without prejudice and close this case.

Dated this 28th day of May, 2025.

Honorable Krissa M. Lanham
United States District Judge